CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Anne Finger**,<br><br>        Plaintiff,<br><br>    v.<br><br>**Mariposa Baking Company, Inc.,** a California Corporation; and Does 1-10,<br><br>        Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence |

Plaintiff Anne Finger complains of Defendants Mariposa Baking Company, Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from Post-Polio syndrome. She uses a wheelchair and cane for mobility.

2. Defendant Mariposa Baking Company, Inc. is the business owner and operator of the Mariposa Baking Company ("Bakery") located at or about 5427 Telegraph Avenue, Oakland, California, and was in September of

2013.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7. The Plaintiff went to the Bakery twice in September of 2013, to shop.

8. The Bakery is a facility open to the public, a place of public

accommodation, and a business establishment.

9. Although parking spaces are one of the facilities available to patrons of the Bakery, there was not a single accessible handicap parking space on the day of plaintiff's visits.

10. The plaintiff personally encountered the lack of accessible facilities. This inaccessible condition denied the plaintiff full and equal access and caused her difficulty.

11. On information and belief, plaintiff alleges that a fully compliant accessible parking space once existed at this location. It appears as though the defendants simply paved over the previous parking space or allowed it to fade to oblivion.

12. The defendants have no procedure in place to maintain their parking spaces such that they do not fade, get paved over, or otherwise become unusable to disabled customers who require an accessible parking space.

13. Additionally, on information and believe, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

14. Until the defendants change their policies and procedures, plaintiff, who would like to return, will deterred from visiting and will continue to be discriminated against.

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

15. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

16. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by

individuals with disabilities. 42 U.S.C. § 12183(a)(2).

17. Under the Americans with Disabilities Act, any person who owns, leases, leases to or operates a place of public accommodation must ensure that that the facilities are made available in a full and equal manner and in a way that does not discriminate. 42 U.S.C. § 12182(a).

18. One manner of discrimination is to either build facilities that do not comply with the code or to fail to modify facilities, *i.e.*, remove barriers, to bring them into compliance with the access standards. 42 U.S.C. § 12182(b)(2)(A)(iv).

19. Any business that provides parking spaces must provide handicap parking spaces. 1991 Standards § 4.1.2(5). One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, i.e., having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b).

20. Here, the failure to provide an accessible parking space was a violation of the ADA.

21. The defendants have no procedure in place to maintain their parking spaces such that they do not fade, get paved over, or become unusable to disabled customers who require an accessible parking space. As a result, the plaintiff could possibly be discriminated against in the future – even if defendants do provide an accessible parking space.

22. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide

alternatives to barrier removal. The Defendants have failed to meet these obligations.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

23. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

24. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

25. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ.§ 54-54.8)

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

27. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

28. Because the violation of the Disabled Persons Act resulted in difficulty,

discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

Complaint

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

Dated: August 20, 2014        CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint